1  ROBERT H. ROTSTEIN (SBN 72452)
   rxr@msk.com
2  WADE B. GENTZ (SBN 249793)
   wbg@msk.com
   EMILY F. EVITT (SBN 261491)
   efe@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Plaintiffs

                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, a Delaware limited liability limited partnership,<br><br>    Plaintiffs,<br><br>    v.<br><br>66STAGE.COM, a business entity of unknown form; and NASRI FAICAL, an individual, d/b/a 66STAGE.COM,<br><br>    Defendants. | CASE NO. CV 08-08482 RGK (FFMx)<br><br>The Honorable R. Gary Klausner<br><br>[PROPOSED] CONSENT JUDGMENT |

Plaintiffs Disney Enterprises, Inc. and Universal City Studios Productions LLLP ("Plaintiffs") and Defendants Nasri Faical and 66stage.com ("Defendants") having entered into a Stipulation for Entry of Judgment and the Court having entered an Order thereon,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Defendants have engaged in contributory copyright infringement by actively searching for, identifying, collecting, posting, organizing, indexing, and posting on the website www.66stage.com ("66stage") links to infringing material which has been posted on third-party websites.

2. Defendants are liable for damages to Plaintiffs in the amount of Five Hundred Thousand Dollars ($500,000).

3. Defendants and their agents, servants, employees, representatives, assigns, licensees, transferees, and all those acting in concert with Defendants, at their direction or within their control (collectively, "Defendants"), shall, whether in the United States or any other country:

   A. immediately and permanently cease and desist from operating 66stage, except as otherwise provided for in Paragraph 5;

   B. immediately and permanently cease and desist from operating any website that is substantially similar to 66stage; and

   C. immediately and permanently cease and desist from (i) directly, indirectly, contributorily, or vicariously infringing in any manner, or (ii) enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, or persuading anyone to infringe in any matter, any copyright in any motion picture, television program, or other copyrighted work (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, or affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17

U.S.C. § 106) or the copyright laws of Japan or any other country or territory, or any exclusive license thereto (the "Copyrighted Works"), including, but not limited to, engaging in any of the following without express written authority or license from the appropriate Plaintiff:

1. copying, reproducing, downloading, distributing, uploading, or linking to, any of the Copyrighted Works;

2. transmitting, streaming, performing in public, or communicating to the public by telecommunication, any of the Copyrighted Works;

3. enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, or persuading any person or entity to copy, reproduce, download, distribute, upload, link to, transmit, stream, perform in public, or communicate to the public by telecommunication or publicly perform any of the Copyrighted Works;

4. profiting or benefiting from the unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of the Copyrighted Works while declining to exercise a right to stop or limit such unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or streaming, performing in public, or communicating to the public by telecommunication any of the Copyrighted Works; and/or

5. Participating in any affiliate marketing, advertising program, or any similar program designed to drive or refer user traffic to, including but not limited to acting as an advertising broker for, any Internet website that enables, facilitates, permits, assists, solicits, encourages, abets, promotes, profits from, or induces

the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance of any of the Copyrighted Works.

D. if necessary, shall cease to operate or assist in the operation of, and will not profit or benefit from, any website known or suspected by Defendants to be engaging in authorizing, inducing, encouraging, aiding or abetting, or materially contributing to infringement of any of the Copyrighted Works;

E. shall not operate or, provide links to, assist or participate in any way in the operation of, or in any way profit or benefit from, any website that enables, facilitates, permits, assists, solicits, encourages, or induces the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, streaming, performing in public, or communicating to the public by telecommunication any of the Copyrighted Works, unless and until Defendants have obtained all necessary prior written authority or license for such Copyrighted Works from the appropriate Plaintiff.

4. This injunction shall not apply to any Copyrighted Works for which Defendants have obtained an appropriate written license from the Plaintiff that owns or controls the rights to such work.

5. Defendants shall destroy any digital files representing any Copyrighted Works that are currently in their possession, custody, or control, except for Copyrighted Works for which Defendants have obtained an appropriate written license from the Plaintiff that owns or controls the rights to such work, to the extent such license remains in force and valid. Defendants have provided Plaintiffs with a sworn statement certifying their compliance with this provision.

6. Absent the prior written consent of Plaintiffs or their designee, Defendants shall not publicly release, distribute, sell, transfer or give away, for consideration or otherwise, any software, source code, object code, technology,

domain name(s), trademark(s), brand(s), goodwill or any other property of any kind, in whole or in part, which is in any way related to http://www.66stage.com, including without limitation, by posting such materials on an Internet web page or by offering such materials over any peer-to-peer or file-trading network or any other medium.

7. Defendants irrevocably and fully waive notice of entry of the Consent Judgment and notice and service of the entered Consent Judgment and understand, confirm, and agree that violation of the Consent Judgment will expose Defendants to all penalties provided by law, including contempt of Court.

8. Defendants irrevocably and fully waive any and all rights to appeal the Consent Judgment, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

9. Defendants hereby consent to the issuance of an order or judgment by any other court in Japan, Morocco, or any other country, territory, state, province or jurisdiction, recognizing and enforcing the Consent Judgment issued by this Court in the same manner as a judgment or order of any court with competent jurisdiction to enforce the Consent Judgment.

10. Nothing contained in the Consent Judgment shall limit the right of Plaintiffs to seek relief, including without limitation, damages, for any and all infringements by Defendants of the Copyrighted Works occurring after the date Defendants execute the Stipulation for Entry of Judgment.

11. This Consent Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

12. The Court finds there is no just reason for delay in entering this Consent Judgment and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Consent Judgment against Defendants.

13. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Judgment.

Dated: 08·05, 2010

_____
The Honorable R. Gary Klausner
United States District Judge

Submitted by:

DATED: August 3, 2010

ROBERT H. ROTSTEIN
WADE B. GENTZ
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP


By: /s/ Wade B. Gentz
 Wade B. Gentz
 Attorneys for Plaintiffs

Mitchell
Silberberg &
Knupp LLP
2599160.4

5